IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO.  18-124-2 |
| ALBERT WILLIAM UPSHUR | |

**MEMORANDUM OPINION**

Defendant Albert William Upshur asks the Court to release him from federal custody in consideration of the dangers presented by COVID-19 to incarcerated persons.  The government opposes his motion.

In March 2018, a grand jury indicted Upshur with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2).  Then, on April 13, Upshur appeared before a magistrate judge for a pre-trial detention hearing.  The Government moved for detention on the basis that Upshur had "a history of failures to appear for prior court proceedings and a history of noncompliance with conditions for other instances of court-ordered supervision," as well as on the basis that he had "offered no evidence of any real ties keeping him rooted in the community, including regular employment, assets, or dependent family members."[1]  Following a hearing, the

---

[1] The Government also noted its suspicion that Upshur subscribed to "sovereign citizen" ideology.  "Adherents to sovereign citizen theory believe in a vast governmental conspiracy governed by complex, arcane rules, according to which sovereign citizens are exempt from many laws, including the obligation to pay taxes, and can be empowered to seize private property, enforce legal actions against individuals, and claim money from the government." *United States v. Glover*, 715 F. App'x 253, 256 n.8 (4th Cir. 2017) (internal quotations and citations omitted); *see also United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."); *United States v. Perkins*, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013), *aff'd*, 787 F.3d 1329 (11th Cir. 2015) ("[A] defendant pursuing a sovereign-citizen strategy claims that a federal court has no jurisdiction to try him for the federal crimes with which he is charged.").

magistrate judge granted the motion on the basis that "no conditions can be set that will reasonably assure the defendant's appearance in court based on the current record."

Upshur is currently incarcerated at the Federal Detention Center ("FDC") in Philadelphia. On March 28, 2020, Upshur mailed a letter to the Court stating "RELEASE ME! I do not want to be infected with coronavirus." The letter also contained excerpts from news reports about the dangers of COVID-19, including one excerpt claiming that "prisons and jails are virus vectors, and people who live and work in these institutions are virtually sitting ducks for the virus."

Though Upshur does not request release pursuant to a specific statute, the Court construes his March 28 letter as a motion for temporary release under 18 U.S.C. § 3142(i), which governs the release of pre-trial detainees.[2] The Bail Reform Act governs "whether and under what circumstances a district court may release a defendant pending trial." *United States v. Soriano Nunez*, 928 F.3d 240, 244 (3d Cir. 2019). Specifically, it provides that if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e). Under Section 3142(i), however, a defendant may move for temporary release after pretrial detention has been ordered. *See* 18 U.S.C. § 3142(i). Section 3142(i) "constitutes a limited safety valve provision, enabling courts to re-examine detention decisions 'to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.'" *United States v. Capozzi*, 2020 WL 1849777, at *3 (M.D. Pa. Apr. 13, 2020) (quoting 18 U.S.C. § 3142(i)). Under this section, "[t]he defendant bears the burden of

---

[2] Because Upshur does not challenge the magistrate judge's initial detention determination, the Court declines to construe his letter as a motion for revocation of pre-trial detention under 18 U.S.C. § 3145, which allows a district court to review a magistrate judge's detention order. Neither is Upshur eligible for release pursuant to 18 U.S.C. § 3582(c)(1)(A) (*i.e.*, "compassionate release"), as that provision applies exclusively to defendants who have already been sentenced.

establishing circumstances warranting temporary release." *United States v. Veras*, 2020 WL 1675975, at *3 (M.D. Pa. Apr. 6, 2020); *see also United States v. Rajendra Bothra*, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (same).

Here, Upshur has failed to raise—let alone to "establish[]"—any circumstances warranting temporary release. Upshur does not, for example, claim to be suffering from a health condition rendering him particularly susceptible to COVID-related complications. *See United States v. Maldonado*, ---F.Supp.3d---, 2020 WL 1865746, at *5 (M.D. Pa. Apr. 14, 2020) (explaining that "at a minimum courts have typically required proof of a defendant's particular vulnerability to the disease in order to constitute a compelling reason for release under § 3142(i)" (internal quotations and alterations omitted)). Rather, his request is "based solely on generalized COVID-19 fears and speculation." *United States v. Deshields*, 2020 WL 2025377, at *3 (M.D. Pa. Apr. 27, 2020). Such "generalized . . . fears and speculation," however, are insufficient to warrant release. *Id.* As the Third Circuit explained in *United States v. Raia*,[3] "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify . . . release, especially considering [Bureau of Prison's] statutory role, and its extensive and professional efforts to curtail the virus's spread." 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020).[4] Therefore, Upshur has not satisfied his burden of establishing circumstances warranting temporary release.

For the foregoing reasons, Upshur's motion for temporary release will be denied.

---

[3] Though *Raia* addressed a motion for compassionate release rather than temporary release, the opinion's reasoning applies with equal force in the temporary release context. *See Deshields*, 2020 WL 2025377, at *3 (applying *Raia* in temporary release context).

[4] As of the writing of this opinion, only two inmates have tested positive at the FDC, *see* https://www.bop.gov/coronavirus/, and the Bureau of Prisons ("BOP") has instituted strict containment measures, such as mandatory quarantine, regular health checks, limits on inmate movement, and limitations on entry by outside individuals, *see* https://www.bop.gov/resources/news/20200313_covid-19.jsp. By contrast, the city of Philadelphia, to which Upshur would presumably be released, has suffered over 24,000 confirmed cases of COVID-19 and 1,400 deaths of COVID. *See* https://www.phila.gov/programs/coronavirus-disease-2019-covid-19/

An appropriate order follows.

**June 12, 2020**  **BY THE COURT:**

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**